**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PACIFIC WESTERN BANK, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-cv-03563 |
| STEPHEN J. WILLIAMS, | ) |
| | ) |
| Defendant. | ) **COMPLAINT** |
| | ) |
| | ) |

## INTRODUCTION

This is an action brought by Pacific Western Bank ("PWB" or the "Plaintiff") against

Stephen J. Williams ("Williams" or the "Defendant") to recover approximately $6M in principal,

plus accrued and accruing interest from the date of breach at the New York legal rate, resulting

from the breach by Williams of his contractual obligations under the personal guarantee executed

by Williams on September 27, 2018.

## THE PARTIES

1.      PWB is a California state charted bank and successor by merger to CapitalSource

Bank, with a principal place of business at 5404 Wisconsin Avenue, 2nd Floor, Chevy Chase,

Maryland 20815. PWB conducts business in New York with an office located at 40 W. 57th

Street, 3rd Floor, New York, New York 10019.

2.      Williams is a citizen of Louisiana and currently resides at 1 Glen Oaks Drive,

Houma, Louisiana 70360.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(a)(1) because there is complete diversity between the parties. PWB is a citizen of

California and Maryland; Williams is a citizen of Louisiana. The amount in controversy (approximately $6M) exceeds $75,000, exclusive of interests and costs.

4.      Personal jurisdiction and venue are proper in this judicial district because the Williams Guarantee, as defined below, provides that any claims arising under the Williams Guarantee are governed by the laws of the State of New York and that the guarantor agrees to the jurisdiction and venue of the courts of the State of New York located in the City of New York, Borough of Manhattan, or of the United States of America for the Southern District of New York.

5.      Further, venue is proper in this Court under 28 U.S.C. § 1391(c) because Williams is subject to personal jurisdiction here.

## FACTS

6.      On January 30, 2014, PWB, and certain borrowing entities owned and controlled by Williams, entered into a Credit Agreement (the "Original Credit Agreement") providing for a term loan in favor of the borrower in the aggregate principal amount of $49,000,000. The Original Credit Agreement, among other things, refinanced certain prior indebtedness owed to MidSouth Bank N.A. and Williams.

7.      On or about September 27, 2018 (the "Closing Date"), PWB, as agent and a lender, Alliance Offshore, L.L.C, Whitney Liftboats, LLC, Triton Diving Services, LLC, TVAC, LLC, and Alliance Energy Services, LLC, as borrowers (collectively, the "Borrowers"), and various entity-guarantor parties thereto, entered into an Amended and Restated Credit Agreement (as amended by the First Amendment (as hereinafter defined) and otherwise amended, from time to time, the "Amended and Restated Credit Agreement" or "ARCA"). The ARCA amended,

2

restated, and replaced the Original Credit Agreement. A true and accurate copy of the ARCA is attached as Exhibit A.

8.      As of September 27, 2018, immediately prior to the closing of the ARCA, the total amount of obligations owing to PWB under the Original Credit Agreement was $53,589,107.92, comprising principal of $43,800,000.04 and accrued and unpaid interest of $9,789,107.88." Ex. A at p. 2.

9.      As part of the ARCA, PWB agreed "to forgive $13,800,000 in principal and $9,789,107.88 in accrued and unpaid interest due and owing under the Original Credit Agreement" as well as lend an additional $5,000,000 to the Borrowers. *Id.* As a result, as of the Closing Date the aggregate principal balance of the term loan under the ARCA was $35,000,000.

10.     Pursuant to Section 2.1(k) of the ARCA, as a condition precedent to the ARCA, Williams was required to execute a limited $5M personal guarantee of payment and performance (the "Williams Guarantee"). A true and accurate copy of the Williams Guarantee is attached hereto as Exhibit B. Pursuant to his guarantee, Williams agreed to be liable for the full and indefeasible payment and performance when due of all of the Borrowers' obligations, liability, and indebtedness owed under the ARCA, up to the amount of $5M.

11.     Section 1(F)(i) of the Williams Guarantee sets forth both the limit of principal guaranteed $5M (i.e., $5M), and provides for formulaic reduction of that amount as principal payments are made by the Borrowers. The formula for reduction set forth in Section 1(F)(i) provides that for every $1 of principal repayment, the principal amount guaranteed will be reduced by $0.50. As of April 1, 2020, the Borrowers had made principal payments aggregate of $3,115,130.37, which had the corresponding effect of reducing the principal amount guaranteed to $3,442,434.82 (e.g., $3,115,130.37 ÷ 2 = $1,557,565.18).

12.     Section 1(F)(ii) further provides that notwithstanding any such reduction in principal amount or the cap limit, the amount guaranteed increases by $2.5M if certain events occur (the "Increase") including, but not limited to, "if any Credit Party, the Guarantor or any Affiliate thereof contest or directs any third party to contest the validity or the enforceability of any Loan Document," which, pursuant to ARCA, includes the Williams Guarantee, *see* Ex. A at p. 90 ("Loan Documents mean…the Williams Guarantee Agreement…"), or the filing of bankruptcy by any Borrower. Ex. B at § 1(F)(ii). As a result of this provision, the Williams Guarantee remains in full force and effect until the earlier of repayment in full of the Borrowers' obligations under the ARCA, or payment by Williams of the Increase as set forth above.

13.     On January 15, 2020, PWB and the Borrowers entered into a First Amendment to the Amended and Restated Credit Agreement and Waiver (the "First Amendment"). A true and accurate copy of the First Amendment is attached hereto as Exhibit C.

14.     Under the ARCA as amended by the First Amendment, the Borrowers agreed to monthly payments of $230,984.51 due on the first of each month from January 1, 2020 through June 1, 2020, and thereafter of $428,143.25. Ex. C at § 3(1).

15.     The Borrowers did not make the loan payment due April 1, 2020, and as a result are in default of their obligations under the ARCA as amended by the First Amendment.

16.     By letter dated April 13, 2020, PWB notified the Borrowers and Williams of the Borrowers' default under the ARCA as amended by the First Amendment (the "Notice of Default"). A true and accurate copy of the Notice of Default is attached hereto as Exhibit D.

17.     As a result of the default, as of May 6, 2020, the outstanding balance owed under the ARCA as amended by the First Amendment, including accrued interest, fees, and expenses, is $32,296,496.26.

18.    By letter dated April 24, 2020, PWB further notified Williams, in his capacity as guarantor, of the defaults under the ARCA as amended by the First Amendment and made demand of immediate payment of the guaranteed obligations on or before May 6, 2020 (the "Demand Letter"). A true and accurate copy of the Demand letter is attached hereto as Exhibit E.

19.    The Borrowers further defaulted by failing to make the loan payment due on May 1, 2020.

20.    Based on an outstanding principal balance of $31,884,869.63 owed under the ARCA as amended by the First Amendment, Williams' obligations total $3,442,434.82 as set forth in Section 1(F)(i) of the Williams Guarantee.

21.    Williams has failed and refused to honor his payment obligations under the Williams Guarantee. As a result of his failure to honor his payment obligations under the Williams Guarantee, Williams is obligated for the $3,442,434.82 of principal guaranteed, plus an additional $2.5M for challenging the enforceability of the Williams Guarantee.

22.    As a result of Williams' breach, interest accrues from the date of breach at the New York statutory legal rate of 9%.

23.    As set forth in Section 1(A)(ii) of the Williams Guarantee, "the Agent and/or Lenders need not attempt to collect any Guaranteed Obligation from any Borrower, any other Credit Party, or the Guarantor or to realize upon any Collateral, but may require the Guarantor to make immediate payment of all of the Guaranteed Obligations to the Agent and Lenders when due, whether by maturity, acceleration, or otherwise, or at any time thereafter." Ex. B at § 1(A)(ii).

24.    As set forth in Section 4(D) of the Williams Guarantee, "THE GUARANTOR, TO THE EXTENT PERMITTED BY LAW, HEREBY WAIVES ALL RIGHT TO TRIAL BY

5

JURY IN ANY ACTION, SUIT, OR PROCEEDING ARISING OUT OF, IN CONNECTION WITH OR RELATING TO, THIS AGREEMENT, THE OTHER LOAN DOCUMENTS, AND ANY OTHER TRANSACTION CONTEMPLATED HEREBY OR THEREBY. THIS WAIVER APPLIES TO ANY ACTION, SUIT OR PROCEEDING WHETHER SOUNDING IN TORT, CONTRACT, OR OTHERWISE." Ex. B at § 4(D).

## COUNT I
### Breach of Guarantee

25.     PWB repeats, realleges, and incorporates by reference herein paragraphs 1 through 24 as if fully set forth herein.

26.     Pursuant to the Williams Guarantee, Williams has absolutely and unconditionally guaranteed full payment and performance of the Borrowers' obligations under the ARCA as amended by the First Amendment, up to the amount of $5M, subject to the $2.5M Increase.

27.     PWB has fully performed all obligations under the ARCA as amended by the First Amendment.

28.     PWB notified Williams of the Borrowers' default and made demand on Williams for payment in accordance with the terms of the Williams Guarantee in the amount of $3,442,434.82. Williams has failed and refused to honor his payment obligations under the Williams Guarantee.

29.     Williams' failure to make immediate and full payment in accordance with the terms of the Williams Guarantee constitutes a breach of his obligations, for which PWB may recover damages.

30.     As a result of Williams' failure to pay the balance due under the Williams Guarantee, PWB has been damaged in the amount of $3,442,434.82 in principal, plus accrued and accruing interest.

6

## COUNT II
### Breach of Guarantee

31.     PWB repeats, realleges, and incorporates by reference herein paragraphs 1 through 30 as if fully set forth herein.

32.     Pursuant to the Williams Guarantee, Williams has absolutely and unconditionally guaranteed the Increase, which renders Williams liable for an additional $2.5M if certain events occur including contesting the validity or enforceability of the Williams Guarantee.

33.     PWB has fully performed all obligations under the ARCA as amended by the First Amendment.

34.     PWB notified Williams of the Borrowers' default and made demand on Williams for payment in full accordance with the terms of the Williams Guarantee. Williams has failed and refused to honor his payment obligations under the Williams Guarantee.

35.     Williams' failure to make immediate and full payment in accordance with the terms of the Williams Guarantee constitutes a challenge to the validity and enforceability of the Williams Guarantee and thus a breach of his obligations, for which PWB may recover damages equal to the Increase of $2.5M.

36.     As a result of Williams' failure to pay the balance due under the Williams Guarantee, PWB has been damaged in the additional amount of $2.5M in principal, plus accrued and accruing interest.

### PRAYER FOR RELIEF

WHEREFORE PWB respectfully requests the following relief:

1.      On the first cause of action, that this Court enters judgment against Williams in the amount of $3,442,434.82, plus accrued and accruing interest, resulting from Williams' breach of the Williams Guarantee.

2.     On the second cause of action, and in addition to the amounts awarded under Count I, that this Court enters judgment against Williams in the amount of $2.5M, plus accrued and accruing interest, resulting from Williams' breach of the Williams Guarantee.

3.     That the Court enter judgment declaring that the Williams Guarantee remains in full force and effect until the earlier of the repayment of the Borrowers' obligations under the ARCA as amended by the First Amendment or the occurrence of any contingency triggering the Increase and satisfaction thereof.

4.     That this Court enters such other and further relief as it deems just and reasonable.

Dated: New York, New York          **BROWN RUDNICK LLP**
       May 7, 2020


By:   _/s/ James W. Stoll_
      James W. Stoll
      Stephanie P. Calnan
      One Financial Center
      Boston, MA 02111
      Telephone: (617) 856-8200
      jstoll@brownrudnick.com
      scalnan@brownrudnick.com


*Counsel for Plaintiff Pacific Western Bank*

8